```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08-1-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
TROITSK SHIPPING INC.,

         Plaintiff,

 -against-

M.R.S. OIL & GAS LTD. and OVLAS TRADING
S.A..,

         Defendants.
------------------------------------------------------------- x

**EX PARTE ORDER FOR
PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT**

09 Civ. 7559 (GEL)

GERARD E. LYNCH, District Judge:

 On August 28, 2009, plaintiff Troitsk Shipping Inc. filed a Verified Complaint for damages amounting to $1,138,097.00 inclusive of interest, costs, and attorneys' fees, and praying for the issuance of an ex parte order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The attorney for plaintiff has filed a Supporting Affidavit describing the efforts made by and on behalf of the plaintiff to find and serve the defendants within the District. The Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions set forth in Supplemental Admiralty Rule B appear to exist.

 The Process of Maritime Attachment and Garnishment would command that the United States Marshal attach any and all of the Defendants' property within the Southern District of New York.

 Accordingly, it is hereby ORDERED

(1) that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by, or being held for the defendants by any garnishees within this District, in an amount up to and including $1,138,097.00, pursuant to Supplemental Admiralty Rule B;

(2) that the United States Marshal or his designee shall serve the Process of Maritime Attachment and Garnishment, the Verified Complaint, and any interrogatories upon any garnishees;

(3) that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment;

(4) that initial service by the United States Marshal shall be made personally upon each garnishee. Following initial service upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment may be accomplished by email, facsimile transmission, or other verifiable electronic means. Such supplemental service shall be deemed to be made within the District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District;

(5) that service on any garnishee as described above is deemed effective and continuous service throughout the remainder of the day upon which such service is made, commencing from the time of such service, and through the close of the garnishee's business the next business day;

(6) that supplemental process enforcing this Court's order may be issued by the Clerk of the Court upon application without further order of the Court;

(7) that if any of the defendants' property is attached, the plaintiff shall give prompt notice to the defendants of the attachment. Such notice shall be in writing, and may be given outside of the District by telex, telegram, cable, fax, or other verifiable electronic means;

(8) that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which plaintiff shall be required to show cause why the attachment and garnishment should not be vacated;

(9) that the sealing of any documents filed or orders issued in this matter shall expire, except for good cause shown, by no later than 30 days from the date hereof, at which time plaintiff shall file unsealed copies of such documents and orders with the Clerk of the Court;

(10) that plaintiff shall promptly file all affidavits in support of its application for a Process of Maritime Attachment and Garnishment Order with the Clerk of the Court, in accordance with the Local Rules;

(11) that plaintiff shall advise the Court, in writing, within 60 days of this Order, (a) whether it has attached any property belonging to the defendants, and (b) whether it has commenced an adversary proceeding or arbitration respecting the claim(s) underlying its application for attachment. If plaintiff fails to do so, the Court shall have the discretion, without further notice to any party, to vacate this Order, to vacate the attachment and garnishment of all property attached pursuant to this Order, and to dismiss this action, without prejudice and without costs;

(12) that if no assets are attached within 60 days of this Order, then the Order shall automatically expire, and the action shall be dismissed, without prejudice and without costs, unless prior thereto, counsel submits an affidavit establishing good cause for an extension not to exceed an additional 60 days;

(13) that if no adversary proceeding or arbitration respecting the claim(s) underlying the application for attachment is commenced within 60 days of this Order, then the Order shall automatically expire, the attachment and garnishment of all property shall be vacated, and the

action shall be dismissed, without prejudice and without costs, unless prior thereto, counsel submits an affidavit establishing good cause for an extension not to exceed an additional 60 days;

(14) that plaintiff shall advise the Court, in writing, within 180 days of this Order, and every 120 days thereafter, of the progress of the adversary proceeding or arbitration respecting the claim(s) underlying the application for attachment. If plaintiff fails to do so, the Court shall have the discretion, without further notice to any party, to vacate this Order, to vacate the attachment and garnishment of all property attached pursuant to this Order, and to dismiss this action, without prejudice and without costs;

SO ORDERED.

Dated: New York, New York
       September 1, 2009

_____
GERARD E. LYNCH
United States District Judge